Vermont Superior Court
Filed 04/24/24
Caledonia Unit



VERMONT SUPERIOR COURT
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 23-CV-01953

| Nathaniel Santiago v Nicholas Deml et al |
|---|

## ENTRY REGARDING MOTION

Title:       Motion for Summary Judgment; Cross Motion for Summary Judgment ;  (Motion: 4; 7)
Filer:       Jill P. Martin; Robert C. Menzel
Filed Date:  January 26, 2024; March 22, 2024

The motion is GRANTED IN PART and DENIED IN PART.

Appellant Santiago seeks to overturn his major disciplinary infraction for fighting leading to bodily injury.  Both Appellant Santiago and the State have filed for summary judgment.  Both rely on the same set of undisputed material facts.

*Undisputed Material Facts*

For the purpose of summary judgment, the follow facts are undisputed.  In March of 2023, Appellant was an inmate under the custody of the Vermont Department of Correction and was incarcerated at the Northeast Correctional Complex.  At 5:40pm on March 14, 2023, Appellant was in the dayroom of the South Unit.  Appellant and another inmate, Christopher Deztoelle, became engaged in a heated conversation.  Appellant turned away from the argument with Deztoelle and began to walk away.  Mr. Deztoelle got up from the table where he had been playing cards and charged at Appellant, attempting to assault him.  Appellant responded by punching Mr. Deztoelle repeatedly.  One minute later, Correction Officers responded to the fight and deployed pepper spray.  Appellant complied with all officer directions and was assessed by medical staff.  Mr. Dextoelle was also treated and appears to have suffered some significant injuries from the blows he received from Appellant.

Later that day, the Department charged Appellant Santiago with a major disciplinary violation for fighting where bodily injury is attempted or carried out.  Appellant Santiago has

consistently asserted self-defense and stated that he had no choice but to hit Deztoelle to defend himself from Deztoelle's attack.

On March 17, 2023, the Department held a disciplinary hearing. Appellant testified on his own behalf asserting his self-defense claims. Following the hearing, the Department issued the following decision directed toward Appellant:

> 1-On 3.14.2023 you and II Dezotelle were having an argument in the South Unit Dayroom. 2-You attempted to walk away. 3-You were hit from behind, but you threw several punches to the facial area and excessive force was used to exit the scenario 4-You created bodily injury by damaging II Dezotelle's jaw 5-You assaulted II Dezotelle on a fight that lead to bodily injury.

Printed Case at 9. Following this decision, Appellant Santiago filed timely appeals of this conviction within the Department and to this Court under V.R.C.P. 75.

*Standard of Review*

The scope of the Court's review from an administrative action by the Department under Rule 75 is limited. *King v. Gorczyk*, 2003 VT 34, ¶ 7. The Court does not reverse a determination by the Department unless there is evidence of clear and arbitrary abuse of its authority. Id. The Court "need only find that there was 'some evidence' in order to uphold a conviction." Id. This means that if there is any evidence that could support the conclusions reached by the Board, then that is sufficient to affirm the Department's decision. Id. The role of the Court in this respect is not to re-weigh the evidence or substitute its own determinations regarding witness credibility. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455–56 (1985). It is to examine the record for both sufficiency of fact and basis in law and due process behind the Department's determination.

Under Rule 56, a party is entitled to judgment where there is a showing of no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. V.R.C.P. 56(a). In the review, the non-moving party is entitled to all reasonable doubts and inferences. *Morisseau v. Hannaford Bros.*, 2016 VT 17, ¶ 12.

*Legal Analysis*

In this case, Petitioner notes that he was entitled to use self-defense to protect himself against Mr. Deztoelle's physical attack launched against him. This assertion is legally correct in the general sense. *Brown v. Baker*, 2022 WL 2387625, at *1 (Jun. 2, 2022) (Mello, J.) ("There is no

argument that, in the right circumstances, [inmate] had a right to defend himself."). Individuals, even if incarcerated, has a limited right to self-defense when necessary. Self-defense, however, requires the party asserting it to establish several elements. *State v. Fonseca-Cintron*, 2019 VT 80, ¶ 11. This includes: (1) proof that the defendant was not the aggressor in the encounter; (2) that defendant reasonably believed at the time that they were in immediate danger of unlawful bodily harm from the other; (3) that the defendant reasonably believed that the use of force was necessary to avoid this danger; and (4) the use of force is reasonable. Id. (quoting *State v. Buckley*, 2016 VT 59, ¶ 18).

In the present case, the hearing officer appears to have found that Appellant was not the aggressor in the encounter and had a reasonable belief of immediate danger. What the hearing officer did not find, however, was a reasonable use of force. The hearing officer's finding was that the amount of force used by Appellant was unreasonable and was not necessary to avoid bodily harm. These conclusions were drawn from the evidence and from the fact that despite the surprise attack by Ms. Deztoelle, it was he, and not Appellant, who suffered the bodily injury. Furthermore, Appellant Santiago continued to punch Mr. Deztoelle from the time Deztoelle attacked until more than a minute later when Corrections Officers forcibly broke-up the fight. This time appeared to go, in the judgment of the hearing officer, beyond what was necessary and led to Mr. Deztoelle's bodily injuries.

The distinction drawn by the hearing officer is supported by the law of self-defense. *Madison v. Menard*, Dckt No. 101-5-16 Oscv, at 2 (Dec. 13, 2016) (Bent, J.) (granting summary judgment affirming the Department where evidence showed inmate responded with self-defense but then failed to flee a fight when he had the opportunity); see also *Fonseca-Cintron*, 2019 VT 80, at ¶¶ 13, 14. While this Court or any other fact-finder might draw different conclusions from the credibility of the witnesses, the nature of the fight, and the circumstances, the hearing officer's decision is supported by "some evidence," namely that the results of the fight show that Petitioner's actions crossed over at some point from a reasonable and proportionate response to a surprise assault into what could be described as a beating on Mr. Deztoelle. In this respect, the evidence supports a finding that at some point Petitioner stopped responded to the immediate threat, failed to retreat, and began beating on Doztoelle. Such actions would necessarily go beyond the scope of self-defense.

## ORDER

Based on the forgoing, the Court finds that the Departments' findings are sustainable under the "some evidence" standard as Petitioner actions support a conclusion that he went beyond self-defense and into fighting with Mr. Doztoelle.  For these reasons, Petitioner's motion for summary judgment is **Denied.**  The Depatment's Motion for summary judgment is **Granted,** and the disciplinary determination of the hearing officer is **Affirmed** under the "some evidence" standard. *King*, 2003 VT 34, ¶ 7.

Electronically signed on 4/24/2024 1:34 PM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge